EL PUEBLO DE PUERTO RICO, recurrido, *v.* RALPH VALLONE, JR., acusado y peticionario.

*Número:* CE-89-9          *Resuelto:* 24 de mayo de 1993

*Jorge Lora Longoria*, abogado del peticionario; *Jorge E. Pérez Díaz, Procurador General*, abogado de El Pueblo.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

El caso de autos plantea una controversia de derecho de primera impresión, la cual nos obliga a determinar la interrelación entre las disposiciones del Art. 79 del Código Penal, 33 L.P.R.A. sec. 3413, y la Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En particular, debemos resolver si la determinación original de no causa probable para acusar que recayera en el caso ante nuestra consideración, y la "exoneración" a que hace referencia la citada Regla 23(c), *supra*, implica o conlleva la reanudación del término prescriptivo del delito que se le imputara al peticionario Ralph Vallone.

## I

El 1ro de junio de 1988 se presentó una denuncia contra el peticionario Ralph Vallone y contra otras dos (2) personas, por infracción a la Sec. 19 de la Ley de Bancos, 7 L.P.R.A. sec. 115. Los hechos que dieron lugar a la denuncia ocurrieron el 7 de junio de 1983. El delito que se les imputó es uno de naturaleza grave, cuyo término de prescripción es de cinco (5) años. Art. 78 del Código Penal de P.R., 33 L.P.R.A. sec. 3412. El mismo día de la denuncia se determinó causa probable para el arresto del peticionario Vallone. Se le arrestó el día siguiente, y el 1ro de agosto de 1988 se celebró la correspondiente vista preliminar. En

ésta, el magistrado del Tribunal de Distrito que presidió la misma determinó que *no* había causa probable para acusar al peticionario del delito imputado, decretando, en consecuencia, la exoneración de éste. Ese mismo día, el 1ro de agosto de 1988, el Ministerio Público presentó solicitud de vista preliminar en alzada, la cual fue señalada para ser celebrada ante un magistrado del Tribunal Superior de Puerto Rico, Sala de San Juan, el 9 de septiembre de 1988. El 7 de septiembre del mismo año, dos (2) días antes de la fecha señalada para la vista preliminar en alzada, el peticionario Vallone solicitó la desestimación de dicha vista "por haber prescrito el delito sobre el cual versa dicho procedimiento". Petición de *certiorari*, pág. 3.

En la solicitud de desestimación se planteó que, conforme las disposiciones de los Arts. 78 y 79 del Código Penal, *supra*, el delito imputado en la denuncia prescribía a los cinco (5) años, contado dicho período de tiempo a partir de la fecha en que ocurrieron los hechos delictivos, por lo que el delito imputado había prescrito el 7 de junio de 1988. Según alegó el peticionario procedía la desestimación de la solicitud de vista preliminar en alzada ya que la misma fue radicada el 1ro de agosto de 1988 —el mismo día de la determinación de no causa para acusar— cuando el delito imputado estaba ya prescrito. Alegó que, de acuerdo con las disposiciones de la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la determinación de no causa emitida el día 1ro de agosto de 1988 tuvo el efecto de exonerar al imputado, esto es, de ponerle fin al procedimiento comenzado en su contra el 1ro de junio de 1988. En apoyo de su posición, señaló que conforme las disposiciones de la Regla 24(c) de Procedimiento Criminal, *supra*, la vista preliminar en alzada es un proceso nuevo, independiente, separado y distinto, que no está condicionado ni limitado en forma alguna por la anterior vista preliminar. Señaló, en adición, que luego de la vista preliminar original, el arresto que confirió jurisdicción al tribunal sobre la

persona del imputado cesó de tener toda eficacia legal y que, por consiguiente, al haber prescrito la acción penal al momento de comenzar el proceso de vista preliminar en alzada, procedía decretar la desestimación del procedimiento.

El 9 de septiembre del 1988, el magistrado del Tribunal Superior ante quien se señaló la vista preliminar en alzada declaró con lugar la moción de desestimación. El Ministerio Público presentó moción de reconsideración, la cual fue señalada para el 26 de septiembre de 1988, fecha en que las partes hicieron los planteamientos pertinentes. El tribunal se reservó su decisión y el 15 de noviembre del mismo año emitió resolución declarando *sin* lugar la moción de desestimación. Se señaló la vista preliminar en alzada para el 14 de diciembre de 1988. Luego de ser debidamente notificados y habiendo comparecido los imputados, se celebró la referida vista durante los días 15, 19, 20 y 28 de diciembre de 1988. Esta vista culminó, en lo pertinente, con una determinación de causa probable contra el peticionario Vallone.

Radicado el pliego acusatorio, y estando pendiente el acto de lectura de acusación, el peticionario Vallone recurrió —vía *certiorari*— ante este Tribunal en revisión de la negativa a desestimar del foro de instancia.[1] En el recurso que a esos efectos radicara, le imputa al foro de instancia haber errado al

... concluir que la denuncia y el arresto que culminaron en una

---

[1] Mediante la Ley Núm. 101 de 4 de junio de 1980 (34 L.P.R.A. sec. 1044) el legislador enmendó el Art. 77 del vigente Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3411, para incorporar la prescripción como causa de *extinción* de la acción penal. Antes de la referida enmienda, la cual entró en vigor el 4 de marzo de 1981, la prescripción únicamente constituía fundamento, como defensa afirmativa, para solicitar la desestimación de la acusación o denuncia al amparo de las disposiciones de la Regla 64(m) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Luego de la enmienda, *y constituyendo la prescripción causa para la extinción de la acción penal,* el imputado de delito puede hacer el planteamiento al respecto en cualquier momento, aun después de haberse dictado sentencia. Véase D. Neváres-Muñiz, *Sumario de derecho procesal penal puertorriqueño,* 3ra ed., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, pág. 110.

determinación de no causa probable retuvieron su vigencia legal a los efectos de interrumpir el período prescriptivo de la acción penal. Petición de *certiorari*, pág. 3.

*Expedimos* el auto de *certiorari* radicado mediante Resolución a esos efectos de fecha 9 de febrero de 1989.([2]) En el alegato que ante este Foro radicara el Lcdo. Jorge E. Pérez Díaz, entonces Procurador General de Puerto Rico, éste expresó, en síntensis, que el recurso radicado por el peticionario Vallone "trata de una cuestión de derecho novel" (Informe del procurador, pág. 2) y que, aun cuando "[e]l carácter de novel justifica la expedición del auto de certiorari", (íd.) es claro que "el planteamiento del peticionario es totalmente inmeritorio" (íd.). Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

## II

De entrada, resulta importante señalar que la prescripción en el derecho penal no responde a precepto alguno de orden constitucional, *sino a un acto de gracia legislativa cuyo origen es puramente estatutario*. En otras palabras, nuestra Constitución no le impone al Estado la obligación de establecer términos de prescripción para los delitos por lo que, de ordinario, el análisis de las disposiciones de ley relativas a esta figura conlleva un ejercicio de hermenéutica estatutaria que no requiere de interpretación constitucional. *United States v. Marion*, 404 U.S. 307, 325–326 (1971); *United States v. Ewell*, 383 U.S. 116, 122 (1966); 2 *La Fave and Israel, Criminal Procedure* Sec. 18.5, pág. 424 (1984); C. Thomas, *Criminal Law*, California, Sage Pubs., 1987, pág. 111.

También debemos indicar que, al precisar el con-

---

([2]) En atención al planteamiento del peticionario Vallone, y a pesar de que ello realmente resultaba innecesario en vista de que el auto había sido expedido, mediante Resolución de fecha 28 de febrero de 1989 ordenamos la paralización de la vista en su fondo del caso, hasta que otra cosa dispusiera el Tribunal.

tenido específico de las disposiciones de ley relativas a la prescripción penal, es menester hacerlo en atención a la razón de ser de esta figura. La prescripción en el derecho penal cumple el "propósito fundamental ... [de informar] al [imputado] con suficiente anticipación de la intención de procesársele y de la naturaleza del delito que se le imputa, de forma que no se menoscabe su oportunidad de defenderse antes de que la evidencia disponible para establecer su inocencia desaparezca o se oblitere por el transcurso del tiempo". *Pueblo v. Tribunal Superior*, 84 D.P.R. 24, 27 (1961).

El Art. 79 del Código Penal, *supra*, dispone expresamente que el "término de prescripción se computará desde el día de la comisión del delito *hasta la fecha en que se expide el mandamiento de arresto o citación*". (Énfasis suplido.) Del propio texto del citado artículo se desprende claramente que una determinación de causa probable para el arresto o citación del imputado realizada dentro del término prescriptivo correspondiente es suficiente para interrumpir el mismo. Pero, ¿hasta cuándo? Contrario a la legislación criminal de otras jurisdicciones,[3] nuestro Código Penal guarda silencio en cuanto a la posibilidad de que, una vez interrumpido el término prescriptivo del delito, este término pueda reanudarse.

### III

La Regla 23(c) de Procedimiento Criminal, *supra*, dispone que si a juicio del magistrado, la prueba presentada demostrare que no existe causa probable para creer que se ha cometido un delito y que la persona imputada lo cometió, el magistrado "exonerará a la persona y ordenará

---

[3] El Art. 114 del Código Penal español dispone que tan pronto como el procedimiento judicial sobrevenga, la prescripción se detiene, y si posteriormente el procedimiento concluye sin condena, o se paraliza, la prescripción se reanuda. Véase J. Córdoba Roda, *Comentarios al Código Penal*, Barcelona, Ed. Ariel, 1976, T. II, pág. 688.

que sea puesta en libertad". Los hechos particulares del presente caso nos obligan a determinar la interrelación entre la mencionada Regla 23(c) y el Art. 79 del Código Penal, *supra, y en particular, cuál, si alguno, es el efecto de la "exoneración" a que hace referencia la. Regla 23(c), supra, con respecto al término prescriptivo del delito.*

No podemos definir adecuadamente el significado de la Regla 23(c), *supra*, sin tomar en consideración cuál es *la naturaleza* y propósito de la vista preliminar en nuestro ordenamiento procesal criminal. En *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653 (1985), al ofrecer una descripción general de la misma, señalamos que su objeto central no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del imputado, sino evitar que se someta a una persona de forma arbitraria e injustificada a los rigores de un proceso criminal. Véanse, también: *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975); *Pueblo v. Figueroa Castro*, 102 D.P.R. 279 (1974). La vista preliminar opera como un cedazo judicial mediante el cual se exige que el tribunal autorice la radicación de la acusación, sólo después de ponderar debidamente la prueba y determinar que existen suficientes fundamentos para justificar un proceso criminal. *Hernández Ortega v. Tribunal Superior*, 102 D.P.R. 765 (1974); *Pueblo v. López Camacho*, 98 D.P.R. 700 (1970).

El peticionario nos señala, en apoyo de su posición, que conforme a las disposicines de la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la vista preliminar en alzada es un proceso nuevo, independiente, separado y distinto, que no está condicionado ni limitado en forma alguna por la anterior vista preliminar. Aunque es cierto que hemos expresado que la vista preliminar original y la vista preliminar en alzada son dos vistas independientes, separadas y distintas, *Pueblo v. Cruz Justiniano*, 116 D.P.R. 28, 30 (1984), *las dos vistas son partes de un mismo y continuo proceso judicial.* Por lo tanto, la determinación de no causa

probable en la vista preliminar original *no* equivale automáticamente al fin del procedimiento incoado contra el imputado. *Álvarez v. Tribunal Superior*, 102 D.P.R. 236 (1974).

Respecto al punto específico ante nuestra consideración, la profesora Olga Elena Resumil señala, en su tratado de derecho procesal penal, que en vista de que la determinación de causa probable no es una adjudicación de responsabilidad criminal, la "exoneración" a que hace referencia la Regla 23(c), *supra*, no es de carácter final. O. Resumil de San Filippo, *Derecho Procesal Penal*, Oxford, Ed. Equity, 1990, T. I, Cap. 15, Sec. 15.9, pág. 386. Esta posición fue adoptada por este Tribunal en *Pueblo v. Félix Avilés*, 128 D.P.R. 468 (1991). Allí se señaló:

> La exoneración adjudicada en la vista preliminar inicial al determinarse que no existe causa probable no impide que el Estado pueda continuar el proceso contra el imputado. *Pueblo v. Rodríguez Aponte*, supra. Luego de la vista preliminar inicial, existen procedimientos subsiguientes que son parte integral de la acción penal seguida contra el imputado. Uno de estos procedimientos lo es la vista preliminar en alzada. *Pueblo v. Rivera Colón*, 119 D.P.R. 315 (1987). *Pueblo v. Félix Avilés*, supra, pág. 476.

Otro indicio de la existencia de una relación de continuidad entre la vista original y la vista en alzada es el hecho de que la exoneración en la primera no deja sin vigencia la denuncia y la previa determinación de causa probable para arresto o citación. La misma denuncia que da lugar a la vista preliminar original sirve de base para la segunda vista, sin que sea necesario, por disposición alguna de las Reglas de Procedimiento Criminal, someter nuevamente la prueba ante un magistrado para una nueva determinación de causa probable para el arresto o citación. A pesar de que el efecto de la determinación de no causa probable en la vista preliminar original es poner en libertad física al imputado, la celebración de la vista preliminar en alzada, sin

que sea necesaria una nueva denuncia, supone que la vista preliminar en alzada es parte de un mismo procedimiento judicial. Lo que ocurre es que si bien la determinación de causa probable para arresto o citación es suficiente para interrumpir el término prescriptivo del delito,[4] la misma es insuficiente para acusar, pues para esto se requiere una determinación ulterior de causa probable, ya sea en vista preliminar o en vista preliminar en alzada.

En resumen, resolvemos que la determinación de no causa probable para acusar recaída en la vista preliminar que originalmente se le celebró al peticionario Ralph Vallone *no* tuvo el efecto, como alega dicho peticionario, de judicialmente "terminar" con el procedimiento penal incoado en su contra y, en consecuencia, *no* se reactivó el conteo del período prescriptivo del delito; período prescriptivo que había quedado interrumpido por la determinación de causa probable para arresto realizado el 2 de junio de 1988. Ello en vista del hecho de que, si bien es correcto que dicha determinación original de no causa probable para acusar representó la culminación de una etapa en el procedimiento incoado en su contra, la referida determinación *no* constituye el final de dicho procedimiento, el cual es uno integral que se mantiene "vivo" y sujeto a los trámites ulteriores —Regla 24 (34 L.P.R.A. Ap. II)— establecidos por las Reglas de Procedimiento Criminal.[5]

---

[4] Debe mantenerese presente lo resuelto en *Pueblo v. Guardiola Dávila*, 130 D.P.R. 585, 592 (1992), a los efectos de que a " 'menos que existan circunstancias excepcionales que lo impidan, la falta de dilingenciamiento *dentro de un período razonable* puede anular los efectos de la interrupción' " del período prescriptivo. (Énfasis en el original suprimido y énfasis suplido.)

[5] La norma que estableciéramos en *Pueblo v. Lugo*, 58 D.P.R. 183, 186 (1941) —a los efectos de que se entiende no interrumpido, por el arresto efectuado, el término prescriptivo cuando la acusación es posteriormente sobreseída por razón de no haberse celebrado el juicio dentro del término fijado por ley— debe entenderse modificada en lo pertinente.

Dicha decisión fue una emitida *con anterioridad* a la vigencia de las Reglas de Procedimiento Criminal. La misma fue modificada en este aspecto por la decisión que este Tribunal emitiera en *Pueblo v. Ortiz Díaz*, 95 D.P.R. 244 (1967); caso en que resolvimos que, decretado el archivo a nivel del Tribunal Superior bajo las disposiciones de la Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, de una acu-

Por los fundamentos antes expuestos, *se dictará sentencia confirmatoria de la Resolución de fecha 15 de noviembre de 1988 mediante la cual el Tribunal Superior, Sala de San Juan, denegó la moción de desestimación radicada por el peticionario, devolviéndose el caso a dicho foro para la continuación de procedimientos consistentes con lo aquí expuesto.*

Los Jueces Asociados Señora Naveira de Rodón y Señor Fuster Berlingeri concurrieron con el resultado sin opiniones escritas. El Juez Asociado Señor Hernández Denton no intervino.

sación que imputa un delito grave, el fiscal puede volver a radicar dicha acusación en el Tribunal Superior *sin* necesidad de pasar nuevamente por los procedimientos preliminares de causa probable para arresto (Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II) y de causa probable para acusar (Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II).