

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>           v.<br><br>Juan L. Rivera Vázquez<br><br>    Recurrido | Certiorari<br><br>2010 TSPR 8<br><br>177 DPR ____ |

Número del Caso: CC-2009-136

Fecha: 26 de enero de 2010

Tribunal de Apelaciones:

        Región Judicial de Mayagüez/Aguadilla

Juez Ponente:
                Hon. Héctor Cordero Vázquez

Oficina del Procurador General:

                Lcda. Zaira Z. Giron Anadón

Abogada de la Parte Recurrida:

                Lcda. Eileen N. Díaz Ortiz

Materia: Art. 211 C.P.

Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correccione  s del proceso de compilación y publicación oficial de las decisio  nes del Tribunal. Su distribución electrónica se hace como    un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

      v.                         CC-2009-136     *Certiorari*

Juan L. Rivera Vázquez

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON.

San Juan, Puerto Rico, a 26 de enero de 2010.

Nos corresponde determinar cuál es el efecto de una desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, por una ausencia total de prueba en vista preliminar. Por entender que en estos casos procedería celebrar una vista preliminar *en alzada*, revocamos.

I.

Según las alegaciones del Ministerio Público, Ivonne Echevarría Báez retiró dinero de un cajero automático del Banco Popular de Puerto Rico ubicado en el Municipio de Las Marías. No obstante, luego de realizar dicha transacción, olvidó remover su tarjeta de débito (ATH) y borrar su contraseña. Acto seguido, Juan L. Rivera Vázquez, quien era el próximo cliente

en la fila, se aprovechó de ese descuido y procedió a retirar $400.00 de la cuenta de Echevarría Báez.

Por estos hechos, el Ministerio Público imputó a Rivera Vázquez haber cometido el delito grave de apropiación ilegal de identidad, en contravención del Art. 216 del Código Penal de 2004, 33 L.P.R.A. sec. 4844. A base de esta denuncia, el Tribunal de Primera Instancia, Sala Superior de Mayagüez, determinó causa probable para el arresto de Rivera Vázquez conforme a la Regla 6(a) de Procedimiento Criminal, *supra*.

Antes de celebrarse la vista preliminar, el Ministerio Público solicitó enmendar la denuncia para reclasificar el delito a uno de fraude por medio informático, tipificado en el Art. 211 del Código Penal, *supra*. Posteriormente, el foro de instancia determinó causa probable para acusar por dicho delito. No obstante, luego de sometido el pliego acusatorio, Rivera Vázquez presentó una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*. Adujo que durante la vista preliminar hubo ausencia total de prueba sobre los elementos del delito y sobre su conexión con éste. El Estado, por su parte, replicó que la prueba desfilada en dicha vista fue suficiente para determinar causa probable por el delito de fraude informático imputado en la acusación.

Examinado el asunto, y considerados los argumentos de las partes, el foro de instancia desestimó la acusación por entender que la prueba desfilada en la vista preliminar no estableció uno de los elementos del delito de fraude por medio informático. En específico, resolvió que no se probó el elemento de "manipulación informática". Por ende, excarceló a

Rivera Vázquez y lo citó, junto a los testigos de cargo, a otra "vista preliminar".

Llegado el día señalado para esa audiencia, sin embargo, otro juez del Tribunal de Primera Instancia desestimó el caso por estimar que no tenía jurisdicción para celebrar una *nueva* vista preliminar. Según el foro de instancia, en este caso lo que procedía era realizar una vista preliminar *en alzada*. Aun así, no llevó a cabo dicha vista ni refirió el asunto a otro magistrado para que la celebrara.

En desacuerdo, el Estado —por conducto de la Procuradora General— recurrió ante el Tribunal de Apelaciones y argumentó que el foro de instancia había errado al desestimar el caso por falta de jurisdicción. A su juicio, no había impedimento jurídico alguno para celebrar la vista antes mencionada y, en cualquier caso, el asunto que restaba por dilucidar era la competencia del tribunal. En otras palabras, la controversia se limitaba a resolver si procedía celebrar una *nueva* vista preliminar o, en cambio, una vista preliminar *en alzada*.

Oportunamente, el foro apelativo intermedio revocó. No obstante, aplicó a este caso la normativa pautada en <u>Pueblo v. Camacho Delgado</u>, 2008 T.S.P.R. 174, res. el 27 de octubre de 2008, y conforme a ésta, concluyó que una desestimación según la Regla 64(p) de Procedimiento Criminal deja sin efecto la determinación de causa probable para arresto. Por lo tanto, resolvió que si el Estado aún tenía interés en procesar a Rivera Vázquez, y el delito no prescribió, debía presentar un proyecto de denuncia y solicitar una nueva determinación de causa probable para arresto.

Aún insatisfecha, la Procuradora General comparece ante nos y solicita que revoquemos el dictamen recurrido. En su recurso, argumenta que cuando se desestima una acusación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*, por ausencia total de prueba para sustentar la determinación de causa probable, muy bien procedería celebrar una vista preliminar *en alzada*. No obstante, aduce que es impropio extender la normativa de Pueblo v. Camacho Delgado, *supra*, a este tipo de casos, ya que el efecto de la desestimación al amparo de la citada Regla 64 se tiene que examinar conforme a cada uno de sus incisos y los fundamentos utilizados para concederla. A su entender, cada uno de éstos está basado en normas diversas, no relacionadas entre sí.

Examinado el recurso, ordenamos a Rivera Vázquez mostrar causa por la cual no debíamos revocar la sentencia recurrida. Luego de analizar su comparecencia, así como la réplica de la Procuradora General, procedemos a resolver según lo intimado.

II.

A.

La Regla 23 de Procedimiento Criminal, *supra*, exige celebrar una vista preliminar en todos los casos de delito grave. En esencia, el propósito principal de esta vista es evitar que una persona sea sometida injustificadamente a los rigores de un proceso penal. Ello se logra mediante la exigencia de que el Estado presente *alguna* prueba sobre los elementos constitutivos del delito y sobre la conexión del imputado con su comisión. El imputado, por su parte, puede presentar prueba a su favor y contrainterrogar a los

testigos de cargo. De esta manera, si luego de evaluar la prueba desfilada el juez se convence de que existe causa probable para acusar, debe autorizar que se presente la acusación en contra del imputado. De lo contrario, lo debe exonerar y ponerlo en libertad si estaba detenido. Véanse: Pueblo v. Ríos Alonso, 149 D.P.R. 761, 766-67 (1999); Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 663 (1985).

En este sentido, la vista preliminar posee los rasgos de un modelo procesal híbrido que permite evaluar, tanto la validez del arresto, como las probabilidades de que la persona sea culpable del delito grave que se le imputa. En esta etapa del procedimiento, sin embargo, no se hace una adjudicación en los méritos sobre la culpabilidad de la persona imputada, pues no se trata de un "mini juicio". Es por ello que el Ministerio Público no tiene que presentar toda prueba en su poder, sino que puede utilizar aquella que estime suficiente para sustentar su argumento de que existe causa para acusar. Claro está, esa prueba tiene que ser admisible en el juicio. Véanse: Pueblo en interés del menor K.J.S.R., 2007 T.S.P.R. 194, res. el 6 de noviembre de 2007, págs. 6-8; Pueblo v. Andaluz Méndez, 143 D.P.R. 656, 662 (1997); Pueblo v. Rodríguez Aponte, supra.

Como reseñamos anteriormente, la existencia de causa probable en la etapa de la vista preliminar concede la debida autorización al Ministerio Público para presentar la acusación de rigor. En ausencia de tal determinación, sin embargo, éste no puede presentar cargo alguno contra el imputado. De ordinario, se alude a tres situaciones por

las cuales un magistrado puede concluir que no existe causa probable para acusar: (1) la prueba desfilada en la vista preliminar no establece a satisfacción del juzgador la probabilidad de que el delito se haya cometido o la conexión del imputado con éste; (2) la prueba desfilada establece la probable comisión de otro delito o uno menor al que se imputó en la denuncia, y (3) existen razones de estricto derecho, desvinculadas a la prueba presentada, que requieren una determinación de "no causa". Pueblo en interés del menor K.J.S.R., *supra.*

En lo pertinente al caso de autos, si un magistrado determina que no existe causa probable para acusar por una insuficiencia de prueba para demostrar que se cometió un delito o que el imputado lo cometió, el Ministerio Público puede elegir uno de entre dos cursos de acción posibles. En esencia, éste puede desistir de procesar al individuo o puede recurrir ante otro magistrado con la misma prueba, o con prueba distinta, para que se celebre una segunda vista preliminar. Regla 24(c) de Procedimiento Criminal, *supra*; Pueblo v. García Saldaña, 151 D.P.R. 783, 791 (2000); Pueblo v. Ríos Alonso, *supra*, págs. 767-68.

Esta audiencia, conocida comúnmente como la "vista preliminar en alzada", no constituye una apelación de la vista inicial. Se trata, más bien, de una vista *de novo*, totalmente independiente de la primera. A través de ésta, el Ministerio Público obtiene una segunda oportunidad para procurar una determinación de causa probable por el delito grave que entiende ha cometido la persona imputada. Así,

pues, la vista preliminar inicial y la vista preliminar en alzada son partes de un mismo y continuo proceso judicial. Pueblo v. Vallone, Jr., 133 D.P.R. 427, 433 (1993); véase E. L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Forum, 1995, Vol. III, pág. 63.

Ahora bien, una decisión adversa para el Estado en la vista en alzada —inexistencia de causa por insuficiencia de la prueba presentada o causa probable por un delito menor o distinto al imputado— es *final*. En otras palabras, dicho dictamen no es revisable ante un foro de jerarquía superior ni susceptible de ser modificado por una tercera vista preliminar. Por excepción, el recurso de *certiorari* sólo está disponible para el Ministerio Público cuando se trata de revisar una determinación de "no causa" basada en una cuestión de derecho. Por lo tanto, la vista preliminar en alzada o *de novo* es el único remedio que generalmente tiene el Estado para impugnar una determinación adversa en esta etapa de los procedimientos. Pueblo en interés del menor K.J.S.R., *supra*; véanse: Pueblo v. Rodríguez Ríos, 136 D.P.R. 685 (1994); Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984); Chiesa Aponte, *supra*.

### B.

En contraste con lo anterior, el remedio exclusivo del acusado ante una determinación de causa probable en la vista preliminar, ya sea la vista inicial o la vista en alzada, es la desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*. En esencia, la citada regla permite que la persona acusada pueda presentar, con veinte

días de antelación al comienzo del juicio, una moción para desestimar el pliego acusatorio o cualquier cargo incluido en éste, cuando no se ha determinado causa probable por un juez u ordenado su detención para responder del delito *con* arreglo a la ley y a derecho. Íd. Véase Pueblo v. Jiménez Cruz, 145 D.P.R. 803, 815 (1998).

Según esta regla, se pueden invocar dos fundamentos para la desestimación de la denuncia (en casos de delito menos grave) o de la acusación (en casos de delito grave). Por una parte, se puede alegar que la determinación de causa probable se tomó aunque hubo una ausencia total de prueba en la vista preliminar. Por otra parte, se puede argumentar que se infringió alguno de los requisitos o derechos procesales que se deben observar en dicha vista. Ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de causa probable para acusar goza de una presunción de corrección. Véanse: Pueblo v. Andaluz Méndez, *supra*, pág. 662; Pueblo v. Rivera Alicea, 125 D.P.R. 37, 42-43 (1989).

En el primer supuesto —ausencia total de prueba en la vista preliminar— puede ser necesario celebrar una vista para resolver la moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*. Ahora bien, el propósito de esa audiencia no es recibir prueba que no se presentó en vista preliminar. Esto pues, de ordinario, en una moción de desestimación como ésta no se pasa juicio sobre la corrección de la determinación de causa probable para acusar. Más bien, mediante dicha moción lo que se

debe determinar es si en la vista preliminar, ya sea en la inicial o la "en alzada", hubo una situación de ausencia total de prueba. En fin, la evaluación de un dictamen de causa probable no es propiamente una apelación. Es *sólo* en el caso particular de que haya ausencia total de prueba en la vista preliminar que se permite sustituir el criterio del juez que atienda la moción por el del magistrado que haya presidido la vista aludida. Pueblo v. Rodríguez Ríos, *supra*; Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592, 594 (1972).

En tales circunstancias, se debe examinar la prueba de cargo y de defensa desfilada en la vista preliminar, y determinar si esa prueba establece la probabilidad de que esté presente cada uno de los elementos del delito y la conexión del imputado con éste. Además, se debe considerar que aunque la prueba pueda establecer la posible comisión de otro delito, sólo procede desestimar ante un caso claro de ausencia total de prueba sobre uno o varios elementos del delito imputado, o sobre la conexión de la persona con éste. Véase Pueblo v. Rivera Alicea, *supra*.

En cambio, en el segundo supuesto —incumplimiento con el procedimiento establecido para la vista preliminar—, se trata de determinar si se violó algún derecho procesal del acusado. En este sentido, el juez que atienda una moción de desestimación bajo este fundamento tiene el deber de considerar si la vista preliminar se realizó de acuerdo con lo dispuesto en la Regla 23 de Procedimiento Criminal, *supra*, y si se ofrecieron todas las garantías procesales

correspondientes. Por ende, no tienen que considerarse los hechos del caso ni la suficiencia de éstos para configurar el delito imputado. Así, por ejemplo, podría tratarse de que el juez tuvo un contacto indebido con la prueba antes de la vista preliminar o de que no se pusieron en manos de la defensa las declaraciones juradas de los testigos que declararon en la referida vista. Véanse: Pueblo v. Rivera Rodríguez, 138 D.P.R. 138 (1995); Pueblo v. López Guzmán, 131 D.P.R. 867 (1992).

Ahora bien, aunque frecuentemente se presentan casos ante nuestra consideración sobre la aplicación correcta de las normas jurídicas antes reseñadas, no habíamos tenido oportunidad de determinar concretamente cuál es el efecto de una desestimación al amparo de la citada Regla 64(p). Tampoco las Reglas de Procedimiento Criminal contienen una disposición particular sobre el curso procesal que ha de seguirse ante una determinación de que hubo ausencia total de prueba en la vista preliminar. Por tal razón, debemos interpretar las normas que rigen el ordenamiento procesal penal vigente para contestar esa interrogante. Examinemos dicha normativa con mayor detenimiento.

III.

A.

La Regla 67 de Procedimiento Criminal, *supra*, dispone que la desestimación de una causa al amparo de la citada Regla 64 no impide el inicio de otro proceso, salvo que se trate de un defecto insubsanable o de un caso por delito menos grave desestimado por el transcurso de los términos

de enjuiciamiento rápido establecidos en el inciso (n) de dicha disposición. Véase Pueblo v. Camacho Delgado, 2008 T.S.P.R. 174, res. el 27 de octubre de 2008; véanse, además: Chiesa Aponte, *supra*, vol. II, págs. 114-15; O. E. Resumil Ramírez, Práctica jurídica de Puerto Rico: Derecho proce-sal penal, Orford, Butterworth, 1993, págs. 278-79.

De otra parte, la Regla 66 de Procedimiento Criminal, *supra*, establece que el tribunal debe denegar la moción de desestimación si los alegados defectos de la *denuncia*, la *acusación* o el *pliego de especificaciones* son subsanables mediante enmienda. Esto es, el tribunal debe requerir la enmienda, no desestimar el proceso penal seguido contra el acusado. Además, si se desestima por un defecto particular en la *presentación* o la *tramitación del proceso*, o en la acusación o la denuncia, puede ordenar que se mantenga al acusado bajo custodia, o que continúe bajo fianza por un término específico, sujeto a que se presente una acusación o denuncia nueva. Finalmente, según la regla, lo dispuesto en ésta no puede afectar el término de prescripción.

De una simple lectura de las disposiciones reseñadas, se puede advertir que la desestimación en un proceso penal no tiene un efecto determinado, rígido e inflexible. De hecho, conforme al texto claro de estas reglas, no toda desestimación conlleva el final de la causa penal. Además, según la Regla 67 de Procedimiento Criminal, *supra*, la desestimación de dicha causa no implica necesariamente un impedimento para iniciar otro proceso. Ello se debe, en gran medida, a los antecedentes de ambas reglas y a que el

efecto de la decisión que se tome al resolver una moción de desestimación depende, a fin de cuentas, del fundamento de tal solicitud. Véase E. L. Chiesa Aponte, Efecto de la desestimación de la denuncia o acusación: Impedimento o no para un nuevo proceso, 54 Rev. Jur. U.P.R. 495, 498-99 (1985); Chiesa Aponte, *supra*, Vol. III, págs. 184-87.

Cónsono con lo anterior, el profesor Chiesa Aponte ha trazado el origen de las Reglas 66 y 67 de Procedimiento Criminal, *supra*, para establecer su relación con cada uno de los fundamentos de la moción de desestimación al amparo de la Regla 64 antes citada. Según su análisis, las dudas que surgen en torno al efecto de la desestimación de un proceso penal radican en la mezcla, en una sola regla, de varios fundamentos que nada tienen que ver entre sí. Al respecto, éste señala que al consolidar las *razones* para solicitar la desestimación en una disposición única, no se podían combinar unas con otras en cuanto a su *efecto* sobre la posibilidad de iniciar otro proceso penal por el mismo delito. Por tanto, lo establecido en las citadas reglas no puede aplicarse sin tomar en consideración sus diversos antecedentes. Chiesa Aponte, *supra*, págs. 498-99.

Así, por ejemplo, la distinción entre los defectos subsanables e insubsanables que dimana de las Reglas 66 y 67 de Procedimiento Criminal, *supra*, no se refiere a los términos para presentar la denuncia o la acusación, ni para comenzar el juicio. Más bien, se refiere a defectos en la imputación de delito en el pliego acusatorio o en el pliego de particulares. Chiesa Aponte, *supra*, pág. 498.

De hecho, un examen de la procedencia de ambas reglas nos revela que con éstas se pretendió reglamentar, entre otras cosas, el efecto de la abolida alegación conocida como el *demurrer* o la excepción perentoria. Esta materia, que antes estaba regulada por el capítulo III del Título VI del Código de Enjuiciamiento Criminal de 1935, ahora está regida por la Regla 64(a) de Procedimiento Criminal, *supra*. Según este inciso, el tribunal puede desestimar la denuncia o la acusación si "no imputa un delito". Es aquí, precisamente, que entran en juego las Reglas 66 y 67 antes citadas: si el defecto de insuficiencia es subsanable, se debe ordenar la enmienda y denegar la moción, pero si el defecto es insubsanable, se tiene que desestimar la causa penal. En este último caso, por supuesto, la Regla 67 de Procedimiento Criminal, *supra*, impediría el inicio de otro proceso por el mismo delito.

Por otra parte, puede ocurrir que en vez de tratarse de un defecto en la forma o el contenido de la denuncia o la acusación, el tribunal se enfrente a un defecto en la *tramitación* del proceso penal. En este tipo de casos, la Regla 66 de Procedimiento Criminal, *supra*, también provee una solución. Por ejemplo, si se trata de un caso en que el pliego acusatorio no fue presentado por un fiscal con autoridad para ello, tal vez porque su término ya había vencido al someterse el mismo, no sería posible corregir semejante defecto mediante una enmienda.

Ahora bien, ello no quiere decir que dicha falta sea insubsanable y que, por lo tanto, conlleve el final de la

causa penal. Ante estas circunstancias, lo que procede es invocar la Regla 66 antes citada, *desestimar solamente el pliego acusatorio* y, *a discreción del tribunal*, ordenar que se mantenga en custodia al acusado o que éste continúe bajo fianza por un término en específico, mientras se presenta nuevamente la denuncia o la acusación de acuerdo con los requisitos de rigor. Esa nueva presentación debe realizarse, claro está, antes de que transcurra el término prescriptivo correspondiente.

Por último, existen casos en que si bien estamos ante un defecto "insubsanable", en el sentido de que no cabría corregirlo por una enmienda al pliego acusatorio o por la continuación del trámite tras la presentación de una nueva denuncia o acusación, éste no impide el inicio de otro proceso. Así ocurre con la violación de los términos de enjuiciamiento rápido que se establecen en la Regla 64(n) de Procedimiento Criminal, *supra,* en los casos de delito grave. Por eso, en tales circunstancias, es necesario que se reinicie el proceso penal en la etapa de causa probable para arresto o Regla 6 si se desestima la causa por un defecto de esta naturaleza. Véanse, e.g.: Pueblo v. Pérez Pou, 2009 T.S.P.R. 5, res. el 14 de enero de 2009; Pueblo v. Camacho Delgado, *supra*; Pueblo v. Carrión Rivera, 159 D.P.R. 633 (2003); véase Chiesa Aponte, *supra*, Vol. II, págs. 85-86.

No obstante, entendemos que la normativa pautada a tales efectos en Pueblo v. Camacho Delgado, *supra,* estuvo dirigida a atender el caso particular de una violación al

término de enjuiciamiento rápido establecido en la Regla 64(n)(5) de Procedimiento Criminal, *supra*. A nuestro juicio, y según lo expuesto anteriormente, es improcedente extenderla automáticamente a otros incisos de la Regla 64 de Procedimiento Criminal, *supra*.

Por consiguiente, concluimos que para determinar el efecto que se ha de reconocer a una desestimación al amparo de la Regla 64 de Procedimiento Criminal, *supra*, se deben considerar el inciso de la regla invocado por la defensa y el fin al cual responde. Es decir, se tiene que tomar en cuenta el fundamento invocado para solicitar la desestimación, antes de precisar cuál ha de ser el curso procesal que se debe seguir, ya sea conforme a la Regla 66 o a la Regla 67 de Procedimiento Criminal, *supra*.

B.

En lo pertinente, la controversia presentada en este caso difiere de lo que sucede si se desestima una causa penal por una violación a los términos de enjuiciamiento rápido. Ello es así, pues existe un remedio adecuado para corregir el defecto procesal que ocasiona la desestimación de un caso por no determinarse causa probable conforme a derecho: celebrar otra vista preliminar que se ajuste a la ley y a derecho, ya sea una vista nueva o una vista en alzada. El tipo de vista dependerá de la etapa en la que estaba el caso y la razón que motivó la desestimación.

En este sentido, es preciso recordar que existen dos fundamentos que se pueden invocar para solicitar una desestimación conforme a la Regla 64(p) de Procedimiento

Criminal, *supra*. Por un lado, cuando el fundamento que se invoca para la desestimación de la causa penal es que **hubo una ausencia total de prueba** en la vista preliminar *inicial*, entonces procede que se celebre una vista preliminar *en alzada*. Ello, claro está, dentro del término correspondiente. Véase Pueblo v. Vélez Castro, 105 D.P.R. 246, 248 (1976). Esto es el resultado de que, a manera de excepción, cuando un juez desestima una acusación por una ausencia total de prueba en la vista preliminar, en efecto está resolviendo que en dicha audiencia se debió emitir una determinación de "no causa" probable para acusar. Por eso, finalmente, si la desestimación se produce contra una vista preliminar *en alzada*, el Ministerio Público no tiene remedio alguno. Véanse: Pueblo v. Cruz Justiniano, *supra*; Chiesa Aponte, Vol. III, págs. 182-84.

No obstante, si de lo que se trata es de que la vista **no se celebró de acuerdo con el procedimiento dispuesto en nuestro ordenamiento procesal penal o de que no se cumplió con alguna garantía inherente a éste**, entonces se debe celebrar una vista preliminar en sustitución de la vista "anulada". En este contexto, no es que la desestimación sustituya el criterio del juez que presidió la vista, sino que a causa de los defectos en la tramitación del proceso esa vista se debe dejar sin efecto. Por consiguiente, si la vista preliminar anulada era la vista original, procede ordenar la celebración de otra vista *inicial*. En cambio, si se trata de la anulación de una vista preliminar *en alzada*, procede celebrar otra vista de esa índole. Véanse:

Pueblo v. Ortiz, Rodríguez, 149 D.P.R. 363, 384 (1999); Pueblo v. Rivera Rodríguez, *supra*; Pueblo v. Padilla Flores, 127 D.P.R. 698 (1991). Véase, a modo ilustrativo, Informe de Reglas de Procedimiento Penal, diciembre de 2008, Secretariado de la Conferencia Judicial y Notarial, Tribunal Supremo de Puerto Rico, págs. 290-93.

Evidentemente, en ambos casos, de lo que se trata es de corregir un defecto en el trámite del proceso penal. El efecto de la desestimación es, por lo tanto, el previsto en la Regla 66 de Procedimiento Criminal, *supra*. Por ello, el tribunal de instancia debe desestimar *sólo* el pliego acusatorio —ya sea la denuncia o la acusación. A su vez, puede ordenar que se mantenga a la persona bajo custodia o bajo fianza por un término en específico, mientras que se presenta la nueva denuncia u acusación. Esto, claro está, luego que el Ministerio Público obtenga la autorización para ello.

A la luz de la normativa expuesta, pasemos a disponer concretamente del caso ante nuestra consideración.

IV.

En este caso es forzoso concluir que tanto el foro de instancia, como el Tribunal de Apelaciones, cometieron el error señalado por la Procuradora General en su recurso. Como reseñamos anteriormente, Rivera Vázquez presentó una moción de desestimación de acuerdo con la Regla 64(p) de Procedimiento Criminal, *supra*, porque no se le determinó causa probable para acusar conforme a derecho. Ello en atención a que en la vista preliminar hubo ausencia total

de prueba sobre el elemento de "manipulación informática".
Ante ese reclamo, el Tribunal de Primera Instancia dio la
razón a la defensa y desestimó la acusación. No obstante,
citó tanto a Rivera Vázquez como a los testigos de cargo a
otra "vista preliminar".

Llegado el día para dicha audiencia, otro magistrado
desestimó el caso por entender que carecía de jurisdicción
para celebrar una "nueva vista preliminar". Éste razonó
que lo que procedería en estos casos es celebrar una vista
preliminar en alzada. El foro apelativo intermedio, sin
embargo, resolvió que aunque el tribunal de instancia erró
al declararse sin jurisdicción, el asunto debía enviarse a
otro juez para que realizara una nueva determinación de
causa probable para arresto.

No hay duda, a nuestro juicio, de que tal resultado
es incompatible con nuestro ordenamiento procesal penal.
Esto, pues como hemos expresado, a diferencia de lo que
sucede cuando se desestima una causa penal por violación a
los términos de enjuiciamiento rápido, la desestimación de
un caso porque no se determinó causa probable conforme a
derecho lo que requiere es la celebración de otra vista
preliminar que se ajuste a la ley y a derecho. Ahora bien,
el tipo de vista que ha de celebrarse, sea vista "inicial"
o "vista en alzada", depende del fundamento que invocó la
defensa y de la etapa en la que se tomó la determinación
de causa probable para acusar.

Por lo tanto, examinadas las circunstancias concretas
del caso hoy ante nuestra consideración, consideramos que

ante la desestimación de la acusación por una ausencia total de prueba en la vista preliminar *original*, el Fiscal puede solicitar una vista preliminar *en alzada*. En este sentido, es inapropiado ordenar el reinicio del proceso a través de una determinación de causa probable para el arresto de Rivera Vázquez. Ello es así, pues en el caso de una desestimación al amparo de la Regla 64(p) antes citada existe un remedio adecuado para corregir el defecto en el trámite: celebrar otra vista preliminar, y en el contexto particular ante nos, una vista preliminar *en alzada*.

En este caso, tanto la Procuradora General como la Sociedad de Asistencia Legal (que representa legalmente a Rivera Vázquez) están conformes en cuanto a que procedería celebrar una vista preliminar en alzada. La defensa alega, sin embargo, que el Ministerio Público nunca solicitó una vista preliminar de esa índole. Por tal razón, nos señala que debemos confirmar la sentencia recurrida.

A pesar de dicho argumento, consideramos meritorio el señalamiento de la Procuradora General en términos de que no solicitó expresamente una vista preliminar en alzada, pues ya había obtenido una orden del tribunal de instancia para celebrar *otra* vista preliminar. Ante la novedad de la controversia ante nos, y en vista de las circunstancias particulares de este caso, resolvemos que si el Ministerio Público aún tiene interés en procesar a Rivera Vázquez, le puede solicitar al Tribunal de Primera Instancia, Sala Superior de Mayagüez, que señale una vista preliminar en alzada. Es, de esta forma, que se lograría reinstaurar el

cauce procesal del caso de autos. En el futuro, y ante un contexto similar, el tribunal de instancia puede ejercer su discreción para ordenar que se mantenga bajo custodia o bajo fianza a la persona imputada, según lo establece la Regla 66 de Procedimiento Criminal, *supra*.

## V.

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se revoca la sentencia dictada por el Tribunal de Apelaciones.

Federico Hernández Denton
*Juez Presidente*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.               CC-2009-136     *Certiorari*

Juan L. Rivera Vázquez

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 26 de enero de 2010.

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de *certiorari* y se revoca la sentencia dictada por el Tribunal de Apelaciones.

    Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita.

                      Aida Ileana Oquendo Graulau
                   Secretaria del Tribunal Supremo