CC-98-750                                        - 1 -

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico Recurrido<br><br>v.<br><br>Frankie García Saldaña Recurrente | Certiorari<br><br>2000 TSPR 110 |
|---|---|

Número del Caso: CC-1998-0750

Fecha: 30/06/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Panel Integrado por:

        Hon. Arbona Lago
        Hon. Negroni Cintrón
        Hon. Salas Soler

Abogado del Peticionario:

        Sociedad para Asistencia Legal
        Lcdo. José C. Pizarro Adorno

Oficina del Procurador General:

        Lcda. Rose Mary Corchado Lorent
        Procuradora General Auxiliar

Materia: Art. 95 C.P.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

          v.                          CC-1998-750

Frankie García Saldaña

     Recurrente

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 30 de junio de 2000.

Nos corresponde resolver si el Ministerio Público puede gestionar una vista preliminar en alzada, luego de obtener una determinación de causa en vista preliminar por un delito menor al que estimaba procedente, y simultáneamente iniciar los procedimientos judiciales contra una persona por el delito menor que motivó la solicitud de la vista en alzada. Resolvemos que el Ministerio Público, si bien puede optar por una de las distintas vías procesales que tiene a su disposición tras una decisión adversa en vista preliminar, no puede tramitar ambos procedimientos de forma simultánea.

I.

El Ministerio Público imputó a Frankie García Saldaña haber incurrido en tentativa de asesinato. Art. 83 del Código Penal de Puerto Rico; 33 L.P.R.A. sec. 4002. El 30 de junio de 1998 se realizó la correspondiente vista preliminar ante el Hon. Felipe Rivera Colón, Juez de Distrito. En dicha vista preliminar se determinó causa probable para acusar por el delito de agresión agravada en su modalidad grave. Artículo 95(b) y (c) del Código Penal; 33 L.P.R.A. sec. 4032. Ese mismo día, el Ministerio Público solicitó una vista preliminar en alzada, la cual fue fijada para el 24 de julio de 1998.

A pesar de lo anterior, y luego de haberse fijado fecha para la vista en alzada, el 6 de julio de 1998 el Ministerio Público presentó una acusación contra García Saldaña por el delito de agresión agravada en su modalidad grave, delito por el cual se había determinado causa probable en la vista preliminar. Días más tarde se realizó la lectura de acusación por dicho delito ante otro magistrado[1] y se señaló juicio para una fecha posterior.

Mientras tanto, el 24 de julio, las partes comparecieron a la vista preliminar en alzada ante la sala judicial del Hon. Osvaldo Rivera Cianchini, según había sido citada previamente. Allí, la defensa informó que el Ministerio Público había presentado acusación por el delito menor por

---

[1] El imputado García Saldaña solicitó un término de 10 días para hacer su alegación. Minuta del 21 de julio de 1998, Apéndice de la Petición de Certiorari, en la pág. 20.

el cual se determinó causa en vista preliminar y que el juicio por ese delito estaba señalado para el 17 de agosto de 1998. El Ministerio Público, por su parte, solicitó la paralización del juicio hasta que se ventilara la vista preliminar en alzada.

Así las cosas, el magistrado que presidió la vista ordenó la desestimación de la solicitud de la vista preliminar en alzada. Estimó que al presentar la acusación por el delito de agresión agravada, el Ministerio Público había optado por un nuevo curso de acción. Posteriormente, en respuesta a una solicitud del Ministerio Público, dicho magistrado reconsideró esta determinación y la dejó sin efecto. Según surge del expediente, el foro de instancia concluyó que el Ministerio Público no podría presentar una acusación por el delito menor para el cual obtuvo una determinación de causa en vista preliminar si en la vista en alzada se determinaba ausencia de causa probable para acusar por cualquier delito.

Luego de varios incidentes procesales, la vista preliminar en alzada quedó pautada para el 17 de agosto de 1998, día en que también iniciaba el juicio por el delito de agresión agravada en otra sala del Tribunal de Primera Instancia y ante otro magistrado. Eventualmente, tanto la vista preliminar en alzada como el inicio del juicio por agresión agravada fueron pospuestos.

Ante este cuadro, la defensa de García Saldaña acudió ante el Tribunal de Circuito de Apelaciones mediante recurso

de certiorari el cual acompañó con una moción en auxilio de jurisdicción. Ambos recursos fueron declarados no ha lugar por el foro apelativo. De esta determinación, García Saldaña acudió ante este Tribunal. Nos plantea que el Tribunal de Circuito de Apelaciones debió expedir el auto de certiorari solicitado y revocar la determinación del foro de instancia, toda vez que éste erró al concluir que el Ministerio Público podía solicitar una vista preliminar en alzada y aún así presentar la acusación por el delito menor incluido que motivó la solicitud de la vista en alzada y, consecuentemente, erró al dejar sin efecto su previa decisión de desestimar la solicitud de la vista preliminar en alzada.

Decidimos expedir el auto solicitado y ordenamos la paralización de los procedimientos en instancia. Ambas partes han presentado sus respectivos alegatos. Resolvemos.

II.

El objetivo de la vista preliminar es "determinar si existe causa probable para procesar a un imputado por el delito grave por el cual se determinó causa probable para arresto". Pueblo v. Quiñones y otro, 133 D.P.R. 332, 337 (1993). Con ello, se pretende evitar que se someta a un ciudadano al rigor de un proceso criminal de forma injustificada o irrazonable. Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 663 (1985); véase, 3 Ernesto L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos 63 (1993). En este sentido, sólo podrá acusarse a una persona de delito

grave si en la vista preliminar el Ministerio Público demuestra que "existe causa probable para creer que se ha cometido un delito y que la persona [imputada] lo cometió". Regla 23 (c) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23(c). La determinación judicial en la vista preliminar de que existe causa probable constituye, así, la autorización para acusar.

Ahora bien, la vista preliminar puede arrojar tres resultados distintos: (1) una determinación de causa probable para acusar por el delito por el cual medió previamente una determinación de causa probable para arresto, (2) una determinación de que no existe causa probable para acusar por ningún delito, o (3) una determinación de causa probable para acusar por un delito menor o distinto al que el fiscal entiende procedente o por el cual previamente medió una citación o hubo una determinación de causa probable para arrestar.

Contra una determinación adversa en vista preliminar, ya sea porque se determina que no existe causa probable por el delito que el fiscal estima procedente, o porque se determina causa probable para acusar por un delito menor o distinto al imputado, el Ministerio Público tiene varias opciones procesales: no continuar con la presentación de cargos, Pueblo v. Lebrón Lebrón, 116 D.P.R. 855, 861 (1986); presentar una acusación por un delito menor incluido, en caso de que obtenga una determinación de causa por un delito menor al que estimaba procedente, Pueblo v. Quiñones Román,

supra,; o puede solicitar una vista preliminar en alzada.
Id., R.24(c) de las de Procedimiento Criminal, 34 L.P.R.A.
Ap. II, R.24(c).[2] Es el Ministerio Público, no el tribunal,
quien tiene la opción de decidir por alguna de estas vías
procesales. 1 Olga E. Resumil, Práctica Jurídica de Puerto
Rico  387 (1990).

De entre las opciones procesales que tiene disponible el
Ministerio Público luego de una decisión adversa en vista
preliminar, la vista preliminar en alzada le permite
presentar la misma u otra prueba ante un magistrado de
jerarquía superior para que éste evalúe si existe causa
probable para acusar por el delito que estima procedente.
Pueblo v. Ríos Alonso, res. 23 de noviembre de 1999, 99 TSPR
177; véase, 3 Ernesto L. Chiesa, supra, en la pág. 101.
Aunque no constituye un proceso apelativo, la vista
preliminar en alzada confiere al fiscal una segunda
oportunidad para obtener la autorización para acusar por el
delito que estima ha quedado configurado. En este contexto,
hemos resuelto que "los tribunales sólo tendrán jurisdicción
para entender en el trámite que el fiscal escoja en el
ejercicio de su discreción". Pueblo v. Quiñones Román,
supra. en las págs. 337-38. Se pretende con ello permitir
que el Ministerio Público agote los recursos que tiene
disponibles para obtener una autorización judicial para

_____

[2] Como se sabe, contra una determinación de causa
probable por el delito grave imputado por el Ministerio
Fiscal, la defensa tiene a su disposición el mecanismo
procesal contemplado en la Regla 64 (p) de las de
procedimiento criminal. 34 L.P.R.A. Ap. II, R. 64 (p).

acusar por el delito que estima procedente previo al inicio de un juicio en su fondo.

No obstante, el hecho de que es el Ministerio Público quien tiene la opción de decidir por un curso de acción específico luego de una decisión adversa en vista preliminar, no significa que también puede continuar con ambos procesos –encausamiento por el delito menor y la vista preliminar en alzada– de forma simultánea. Esa posibilidad no está contemplada en las Reglas de Procedimiento Criminal. Estas tan sólo establecen la facultad del Ministerio Público de acudir en alzada ante una determinación de no causa o una determinación de causa por un delito menor o distinto al originalmente contemplado por el fiscal. 34 L.P.R.A. Ap. II, R.24(c); Pueblo v. Colón Mendoza, res. 29 de octubre de 1999, 99 TSPR| 165.

Por un lado, la propuesta del Ministerio Público crearía una multiplicidad de procedimientos cuyos resultados podrían ser futiles, e incluso contradictorios. De hecho, el Ministerio Público reconoce la anomalía procesal que crearía proseguir ambos procedimientos de forma simultánea al sostener que aunque podría iniciar los procedimientos por el delito menor para el cual se determinó causa en vista preliminar, tales procedimientos quedarían "suspendidos o paralizados en lo que se celebra la vista preliminar en alzada". Alegato del Procurador General, en la pág. 7. Por otro lado, acoger la posición del Ministerio Público colocaría a las personas imputadas de delito en la anómala

situación de tener que defenderse en dos procesos criminales, en teoría independientes, originados por unos mismos hechos. Esta situación podría incluso llevar a resultados prácticos inconsecuentes con la prohibición constitucional contra la doble exposición.

Por lo anterior, resolvemos que el Ministerio Público no puede solicitar una vista preliminar en alzada y, una vez pautada ésta, continuar, de forma simultánea, los trámites encaminados a acusar al imputado por el delito menor o distinto, según sea el caso, que motivó la solicitud de la vista en alzada.

Esto sin embargo, no significa que los fiscales no pueden oportunamente alterar el curso procesal originalmente contemplado. Si luego de solicitar una vista preliminar en alzada el Ministerio Público decide encausar a una persona por el delito menor para el cual obtuvo autorización para acusarla, puede notificarlo oportunamente al magistrado en alzada para que éste proceda de conformidad con esa solicitud. Sólo bastará que el Ministerio Público notifique oportunamente el nuevo trámite procesal que desea proseguir.

Por el contrario, si, luego de haber presentado una acusación por el delito menor, "el Ministerio Público opta por no seguir adelante con los cargos o -dentro del término de 60 días- opta por ejercer su derecho a acudir en alzada, su decisión tendrá el efecto de paralizar los trámites comenzados en relación con el juicio por el delito menos grave". Pueblo v. Quiñones Román, supra. en la pág. 341.

Resuelto lo anterior, examinemos los hechos del presente caso.

## III.

Conforme a los autos del caso, luego de la determinación de causa por un delito menor al que estimaba procedente, el Ministerio Público expresó su intención de acudir en alzada. Luego de establecida la fecha de la vista en alzada, el Pueblo presentó acusación por el delito menor para el cual había obtenido autorización para acusar. Posteriormente se realizó la lectura de acusación por dicho delito. El día de la vista en alzada, el magistrado, ante una oportuna solicitud de la defensa, desestimó la solicitud de la nueva vista en alzada. Eventualmente, reconsideró su decisión y fijó una nueva fecha para celebrarla. Así las cosas, el foro de instancia reseñaló para una fecha posterior la vista preliminar en alzada y el inicio del juicio en su fondo por el delito menor.

No hay duda de que, conforme a nuestra previa discusión, el foro de instancia actuó incorrectamente al proseguir con el juicio en su fondo por el delito menor luego de que el Ministerio Público acudiera en alzada de la determinación original de causa probable y manifestara su intencióm de continuar con dicho proceso. A tenor con la norma descrita anteriormente, una vez el Ministerio Público opta por acudir en alzada de una determinación adversa de causa probable, procede que se paralicen los trámites en lo que respecta al delito menor.

En este contexto, ante la imposibilidad de continuar con el trámite de ambos procesos judiciales de forma simultánea, el magistrado en alzada debió haber concluido, como originalmente hizo, que la presentación de la acusación por el delito de agresión agravada grave equivalía al retiro del Ministerio Público de su solicitud de la vista en alzada. Asimismo, ante el planteamiento del fiscal de que su intención era continuar con ambos procedimientos de forma simultánea, el foro de instancia debió haber instruido al Ministerio Público a que prosiguiera con un sólo curso de acción, ya que no podía continuar ambos procesos de forma simultánea.

La preocupación expresada por el magistrado instructor de causa en torno a la imposibilidad del Ministerio público de acusar por el delito menor incluido para el cual medió una determinación de causa para acusar en vista preliminar, si en la vista en alzada hay una determinación de inexistencia de causa probable para acusar por delito alguno, se ha tornado académica a partir del caso Pueblo v. Ríos Alonso, supra. En éste, este Tribunal resolvió expresamente que la determinación de inexistencia de causa probable para acusar por delito alguno en una vista preliminar en alzada no tiene el efecto de invalidar o suprimir una determinación de causa en vista preliminar por un delito menor al que el Pueblo estimaba procedente. En vista de ello, en el presente caso, aún cuando el magistrado en alzada determinara la inexistencia de causa probable para

acusar por algún delito, el Ministerio Público podría encausar al aquí imputado por el delito menor para el cual se determinó causa en la vista preliminar original.

Finalmente, los planteamientos del Ministerio Público en torno a la posibilidad de que podrían vencerse los términos para iniciar el procesamiento judicial contra el imputado García Saldaña por el delito menor incluido no justifican la duplicidad de procedimientos. El Ministerio Público bien puede tramitar su caso de forma adecuada para que, si no prevalece su posición en alzada, pueda enjuiciar a una persona por el delito para el cual obtuvo autorización para acusar en vista preliminar. Asimismo, muy bien puede advertir al foro de instancia sobre cualquier señalamiento de una vista fuera de los términos aplicables o sobre cualquier señalamiento que eventualmente pudiera imposibilitar la presentación de cargos por el delito menor o distinto que motivó la solicitud de la vista en alzada.

Procede, por lo tanto, revocar la determinación del Tribunal de Circuito de Apelaciones, y consecuentemente la determinación del Tribunal de Primera Instancia, y devolver el caso a dicho foro para que, a tenor con nuestros pronunciamientos, el Ministerio Público determine el curso de acción que desea proseguir contra el imputado Frankie García Saldaña. En este sentido, el Ministerio Público podrá proseguir, exclusivamente, con el juicio contra García Saldaña por el delito de agresión agravada grave, o si lo estima apropiado, y si aún no han expirado los términos

aplicables, puede solicitar la vista preliminar en alzada, en cuyo caso, cualquier trámite para acusar por el delito menor quedará paralizado.

Se emitirá la Sentencia correspondiente.

Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

        v.                          CC-1998-750


Frankie García Saldaña

    Recurrente


SENTENCIA


San Juan, Puerto Rico, a 30 de junio de 2000.

Por los fundamentos expuestos en la Opinión que antrecede la cual se hace formar parte íntegra de la presente Sentencia, y habiendo sido expedido previamente el auto de certiorari, se revoca la Sentencia emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional VII de Carolina y Fajardo, en el caso Núm. KLCE98-00937, El Pueblo de Puerto Rico v. Frankie García Saldaña. Se devuelve el caso al Tribunal de Primera Instancia para que prosigan los procedimientos de conformidad con lo expuesto en la Opinión del Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre sin opinión escrita. El Juez Asociado señor Rebollo López no interviene.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo