EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Jonathan L. Figueroa Rodríguez<br><br>Peticionario<br>--------------------------<br>El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Joel Cacho Acosta<br><br>Peticionario<br>--------------------------<br>El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Michael Peña Carrión<br><br>Peticionario | Certiorari<br><br>2018 TSPR 53<br><br>200 DPR ____ |

Número del Caso: CC-2017-34

Fecha: 5 de abril de 2018

Tribunal de Apelaciones:

    Región Judicial de Caguas y Utuado

Abogados de la parte peticionaria:
    Lcdo. Yamil Caro Pérez.

Oficina del Procurador General
    Lcdo. Luis R. Román Negrón
    Procurador General

Materia: Derecho procesal penal: No se puede recurrir al Tribunal de Apelaciones de un asunto interlocutorio en una vista preliminar en alzada.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Jonathan L. Figueroa Rodríguez<br><br>Peticionario<br>-------------------------<br>El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Joel Cacho Acosta<br><br>Peticionario<br>-------------------------<br>El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Michael Peña Carrión<br><br>Peticionario | CC-2017-0034 | Certiorari |

EL JUEZ ASOCIADO SEÑOR ESTRELLA MARTÍNEZ emitió la opinión del Tribunal.

San Juan, Puerto Rico, a 5 de abril de 2018.

En esta ocasión tenemos la oportunidad de resolver la controversia jurisdiccional de si nuestros pronunciamientos en Pueblo v. Díaz de León, infra, son extensivos a la vista preliminar en alzada. Es decir, si existe la posibilidad de recurrir en *certiorari* al

CC-2017-0034

Tribunal de Apelaciones de un asunto interlocutorio en una vista preliminar en alzada.

Con ello en mente, pasemos a examinar los hechos y trámites procesales que originaron la controversia ante este Tribunal.

## I

Este caso da comienzo cuando el Ministerio Público presentó dos denuncias en contra del Sr. Joel Cacho Acosta (señor Cacho o peticionario), y otros dos acusados, por alegadas infracciones a la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, según enmendada, 25 LPRA sec. 455 et seq. Lo anterior, por alegada posesión y venta de un rifle sin tener licencia para ello. Tras diversos incidentes procesales, entre los cuales se encuentra una determinación de no causa para acusar en vista preliminar, el Ministerio Público acudió en vista preliminar en alzada, la cual comenzó el 9 de septiembre de 2016. En ella, el primer testigo presentado fue el agente de la Policía de Puerto Rico, Luis Daniel Martínez Arroyo (agente Martínez Arroyo).

En síntesis, el agente Martínez Arroyo testificó que el día de los hechos, entiéndase, el 3 de diciembre de 2014, mientras estaba adscrito a la División de Drogas de San Juan, en la sección de Servicios Técnicos, colaboró con un agente encubierto al grabar con una

cámara de video un operativo.[1] Señaló, además, que en el referido operativo grabó cuando los acusados realizaron la transacción. Luego, indicó que procedió a "quemar" o traspasar el contenido de la cámara de video a un disco compacto o CD, el cual le enseñó al agente encubierto y al policía encargado del operativo, el agente Leonardo Borges Santiago (agente Borges Santiago). Seguidamente, los tres procedieron a iniciarlo. De igual forma, ocurrió con la grabación que realizó el agente encubierto.

Dicho esto, a preguntas del Ministerio Público, el agente Martínez Arroyo expresó que entregó los discos compactos o CDs al agente Borges Santiago. Ulteriormente, fiscalía le preguntó si los discos habían tenido algún cambio o alteración. Oportunamente, el señor Cacho objetó la pregunta y alegó que el testigo informó que había entregado los discos al agente Borges Santiago, por lo que no podía testificar sobre los hechos ocurridos posteriores a esa entrega. Ante ello, el Tribunal de Primera Instancia determinó ha lugar la objeción.

---

[1] El agente Luis Daniel Martínez Arroyo, además, declaró en la vista preliminar en alzada que entre sus funciones estaban trabajar con las cámaras de video que se utilizaban para grabar la prueba de los hechos ocurridos y que también era el encargado de transferir el contenido grabado a los CDs. A su vez, expresó que no tomó cursos para llevar a cabo tal tarea y que fueron sus compañeros quienes le enseñaron. Igualmente, testificó que era él quien le daba el mantenimiento al equipo y que el día de los hechos la cámara estaba en excelentes condiciones. Asimismo, sostuvo que había realizado operativos similares en más de cincuenta ocasiones.

CC-2017-0034

Posteriormente, el Ministerio Público solicitó al foro de instancia que admitiera en evidencia el disco que contenía lo grabado por el agente Martínez Arroyo. Sin embargo, el peticionario objetó con el argumento de que era prematuro, dado que no se estableció la cadena de custodia. A esos efectos, el Tribunal de Primera Instancia determinó ha lugar la objeción. Conforme a ello, el Ministerio Público requirió presentar el contenido del disco para propósitos de poder ser autenticado por el agente Martínez Arroyo. Empero, tras la objeción del señor Cacho por ser el disco copia y no el original, el foro primario dictaminó, nuevamente, ha lugar la objeción. Igual decisión realizó para con el disco que contenía lo grabado por el agente encubierto.

Tras solicitar reconsideración y el Tribunal de Primera Instancia mantener la determinación, el Ministerio Público solicitó que se paralizaran los procedimientos y que el tribunal expusiera la determinación por escrito para poder recurrir ante el Tribunal de Apelaciones. De acuerdo con lo anterior, el foro de instancia le concedió a las partes el término de cinco días para presentar escritos en sustento de sus alegaciones y se comprometió a reducir por escrito su determinación. Así las cosas, el Ministerio Público y el peticionario presentaron sus correspondientes memorandos. Ante ello, y luego de evaluados y ponderados los escritos, el 18 de octubre de 2016, el Tribunal de

CC-2017-0034

Primera Instancia emitió una Resolución en la que reiteró su determinación.

Inconforme, el 17 de noviembre de 2016, el Ministerio Público presentó un recurso de *certiorari* criminal ante el Tribunal de Apelaciones. En éste señaló que el Tribunal de Primera Instancia erró al negarse a considerar los CDs como evidencia demostrativa ilustrativa y concluir que no fueron autenticados correctamente. A su vez, de tratarse como evidencia demostrativa real, argumentó que el foro primario erró al no admitirlos como duplicado del original.

Por su parte, el señor Cacho presentó su correspondiente oposición. En esencia, alegó que el foro apelativo intermedio no tenía jurisdicción dado que la presentación del recurso fue tardía. Específicamente, arguyó que el dictamen del Tribunal de Primera Instancia fue emitido el 9 de septiembre de 2016, en corte abierta. Por tanto, que fue desde esa fecha que comenzó a transcurrir el término de treinta días para presentar el recurso de *certiorari*. En ese sentido, señaló que el Ministerio Público se tardó sesenta y nueve días en presentarlo. En segundo lugar, manifestó que era improcedente revisar una determinación interlocutoria, como lo es la autenticación y admisibilidad de una prueba, en la etapa de vista preliminar en alzada.

Ponderados los argumentos de las partes, el Tribunal de Apelaciones emitió una sentencia en la cual revocó al

Tribunal de Primera Instancia. Concluyó que sí tenía jurisdicción. Razonó que, a su juicio, resultaba contradictorio que el Tribunal de Primera Instancia expresara que mantenía la determinación a la misma vez que concedía un término a las partes para fundamentar sus argumentos, previo a emitir por escrito su decisión. Conforme a ello, sostuvo que el término de treinta días empezó a correr desde el archivo en autos de la copia de la notificación de la resolución recurrida. De igual forma, dictaminó que si se hubiera presentado antes, el recurso hubiera sido prematuro.

En cuanto a los méritos, revocó al foro primario, ya que entendió que los CDs quedaron debidamente autenticados por el testimonio del agente Martínez Arroyo. Ello, pues, tenían unas características físicas que los hacían distinguibles, entiéndase, las iniciales de los agentes y sus respetivos números de placas. A esos efectos, resolvió que no era necesario establecer la cadena de custodia.

En disconformidad con ese proceder, el peticionario recurre ante nos y presenta los siguientes errores:

> Erró el Tribunal de Apelaciones al expedir el auto de *Certiorari* para revisar y revocar una Resolución interlocutoria emitida durante la celebración de la vista preliminar en alzada, sin tener jurisdicción para entender en los méritos, ello por haber sido presentado a los 69 días de ser emitida en corte abierta y en presencia de todas las partes.

> Erró el Tribunal de Apelaciones al expedir el auto de *Certiorari* para revisar una Resolución interlocutoria emitida en el transcurso de una

CC-2017-0034

> Vista Preliminar en Alzada, sin que ésta haya finalizado.

> Erró el Tribunal de Apelaciones al expedir el auto de *Certiorari* y revocar una Resolución Interlocutoria emitida durante la celebración de una Vista Preliminar en Alzada que dispuso sobre una controversia de hechos y derecho.

Por su parte, el Ministerio Público se opuso y alega que la determinación realizada por el Tribunal de Primera Instancia en corte abierta fue una preliminar que estaba sujeta a una decisión final escrita. Apoya su argumento en que fue por ello que el foro primario solicitó memorandos de derecho para atender con mayor rigor la controversia y emitir una resolución fundamentada. Así, sostiene que tal resolución estaba sujeta a ser resuelta a favor de cualquier parte.

En cuanto a si se puede recurrir en *certiorari* de un asunto interlocutorio en una vista preliminar en alzada, señala que lo establecido en Pueblo v. Díaz De León, 176 DPR 913 (2009), y reiterado en Pueblo v. Encarnación Reyes, 191 DPR 176 (2014) (Sentencia), no es de aplicación al caso de epígrafe. Ello, ya que ambos casos versaban sobre determinaciones adversas al Ministerio Público en vista preliminar, no en vista preliminar en alzada, como ocurre en este caso. Además, alega que resolver como solicita el peticionario, tendría consecuencias fatales para el Ministerio Público, ya que podría ser el asunto interlocutorio crucial para lograr la determinación de causa probable para acusar. Bajo esa premisa, adujo que de

no encontrarse causa en la vista preliminar en alzada, el Ministerio Público no tendría remedio alguno.

Por último, en cuanto al tercer error, argumenta, en esencia, que para autenticar los CDs era suficiente el testimonio de un testigo de conocimiento, en este caso del agente Martínez Arroyo, quien los grabó. Por tanto, afirma que no es necesario autenticar por medio de la cadena de custodia como expresa el señor Cacho.

Así las cosas, expedimos el recurso ante nuestra consideración. Luego de examinar los argumentos de las partes, estamos en posición de atender en los méritos la controversia ante nuestra consideración. Por lo que procedemos a exponer el derecho aplicable.

## II

La Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, sec. 23, establece la vista preliminar. Su objetivo es instituir un paso previo a la acusación, en el cual el Ministerio Público tiene la obligación de demostrar que existe causa probable para procesar a un imputado por la comisión de un delito grave. Pueblo v. Andaluz Méndez, 143 DPR 656, 661 (1997); véase, E. L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1993, Vol. III, sec. 22.1, pág. 63. En otras palabras, que existe causa probable para creer que el individuo imputado cometió el delito. "Su función no es establecer la culpabilidad o inocencia del acusado, sino determinar si en efecto el Estado tiene adecuada

CC-2017-0034

justificación para continuar con un proceso judicial". Pueblo v. Andaluz Méndez, supra, pág. 661. De esa forma, el Ministerio Público obtiene autorización para poder presentar la acusación. Pueblo v. García Saldaña, 151 DPR 783, 788-789 (2000). Su fundamento es que es un mecanismo en el cual se evita que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un procedimiento criminal por un delito grave. Pueblo v. Rivera Vázquez, 177 DPR 868, 875 (2010); Pueblo v. Andaluz Méndez, supra, pág. 661; véase, Chiesa Aponte, op. cit., pág. 64. Por lo cual, ninguna persona puede ser acusada de un delito grave sin la previa determinación de causa probable para acusar. Para ello, el Ministerio Público deberá presentar prueba que establezca cada uno de los elementos del delito imputado y la conexión del denunciado con el delito. Pueblo v. Ríos Alonso, 149 DPR 761, 766-767 (1999).

En los casos en que el Ministerio Público no obtiene una determinación de causa probable en vista preliminar, el fiscal debe elegir uno de dos cursos de acción, a saber: (1) desistir de procesar al individuo, o (2) recurrir ante otro magistrado con la misma prueba, o con prueba distinta, para celebrar una segunda vista preliminar. Pueblo v. Rivera Vázquez, supra, pág. 876. Es esta última opción la que la Regla 24(c) de las de Procedimiento Criminal provee y la cual es conocida como vista preliminar en alzada. 34 LPRA Ap. II, sec. 24(c). Esta vista no es un trámite apelativo de la primera vista, sino un procedimiento independiente,

separado y distinto. Pueblo v. Félix Avilés, 128 DPR 468, 476 (1991); Pueblo v. Cruz Justiniano, 116 DPR 28, 30 (1984); véase, Chiesa Aponte, op. cit., sec. 22.8, pág. 101. Es decir, se trata de "una vista de novo, totalmente independiente de la primera". Pueblo v. Rivera Vázquez, supra, pág. 877. Es "una segunda oportunidad para obtener la autorización para acusar por el delito que estima ha quedado configurado". Pueblo v. García Saldaña, supra, pág. 790. Véase, además, Pueblo v. Ríos Alonso, supra, pág. 769. Sin embargo, ambas vistas son parte integral de un mismo y continuo proceso judicial seguido contra el imputado. Pueblo v. Vallones, Jr., 133 DPR 427, 433 (1993). Así, en la vista preliminar en alzada el Ministerio Público puede presentar la misma prueba presentada en la vista preliminar u otra prueba con el propósito de conseguir una determinación favorable de causa probable por el delito por el cual ha pretendido acusar. Pueblo v. Ríos Alonso, supra, pág. 769.

Conforme a lo anterior, hemos establecido que "[a] no ser por este instrumento, el Ministerio Público carecería de recursos para impugnar una determinación adversa en la vista preliminar o una determinación que a pesar de no resultarle adversa, no le satisface". Íd. Es por ello que este Tribunal ha sido enfático en que con este recurso se pretende "permitir que el Ministerio Público agote los recursos que tiene disponibles para obtener una autorización judicial para acusar por el delito que estima procedente

previo al inicio de un juicio en su fondo". Pueblo v. García Saldaña, supra, pág. 790.

Es en razón de lo expuesto, y citando al Prof. Ernesto L. Chiesa Aponte, que hemos reconocido que "el recurso de [vista preliminar en alzada] es uno diseñado a favor del Ministerio Fiscal, como un mecanismo procesal para mejorar su posición en cuanto al resultado de la vista preliminar original". Pueblo v. Ríos Alonso, supra, págs. 769-770 (citando a Chiesa Aponte, op. cit., pág. 103).

A partir de la línea jurisprudencial discutida, en Pueblo v. Díaz De León, supra, resolvimos que el Ministerio Público no puede evadir la vista preliminar en alzada y acudir directamente al Tribunal de Apelaciones en *certiorari* para revisar una determinación de no causa en una vista preliminar. Entiéndase, tras una determinación de no causa en vista preliminar, el Ministerio Público debe elegir entre desistir de procesar al individuo, o recurrir ante otro magistrado para celebrar una segunda vista preliminar. No así acudir directamente al Tribunal de Apelaciones. Expresamos que el recurso de *certiorari* "no procede cuando existe otro recurso legal que protege rápidamente y eficazmente los derechos de la parte peticionaria". Pueblo v. Díaz De León, supra, pág. 920. De esta forma, tras una determinación de no causa en vista preliminar, el Ministerio Público tiene una vista preliminar en alzada, la cual le permite "presentar toda la prueba a su haber en una vista *de novo* en lugar de depender de una revisión del expediente

limitada a determinar si el tribunal instructor de causa cometió un error exclusivamente de derecho". Íd., pág. 923.[2]

Nuestra decisión se apoyó en los precedentes en los cuales hemos reafirmado que de ordinario una determinación en los méritos de una vista preliminar en alzada sobre la existencia de causa probable para acusar es final y no es revisable por un tribunal de superior jerarquía. Íd., pág. 919; Pueblo en interés menor K.J.S.R., 172 DPR 490, 499-500 (2007); Pueblo v. Rodríguez Ríos, 136 DPR 685, 690 (1994); Pueblo v. Cruz Justiniano, supra, pág. 30. No obstante, sí es revisable si se fundamenta en cuestiones estrictamente de derecho y desvinculada de la apreciación de la prueba. Pueblo en interés menor K.J.S.R., supra, págs. 499-500; Pueblo v. Rivera Alicea, 150 DPR 495, 499-500 (2000). Es decir, el *certiorari* está limitado exclusivamente a revisar si el foro inferior cometió un error de derecho al determinar causa o la ausencia de ella. Pueblo v. Díaz De León, supra, pág. 919; Pueblo en interés menor K.J.S.R., supra, pág. 500. Ello, como mecanismo para corregir interpretaciones equivocadas del derecho aplicable. Pueblo v. Díaz De León, supra, pág. 919.

---

[2] Debemos señalar que en Pueblo v. Encarnación Reyes, 191 DPR 176 (2014) (Sentencia), la controversia se circunscribió, específicamente, a resolver si procedía un recurso de *certiorari* para revisar una determinación interlocutoria emitida **durante una vista preliminar**. Por ello, resolvimos que según lo resuelto en Pueblo v. Díaz De León, supra, no se podía revisar un incidente interlocutorio de la vista preliminar.

Cónsono con lo anterior, en Pueblo v. Díaz De León, supra, fuimos determinantes al resolver que tal mecanismo procesal extraordinario del *certiorari* se puede utilizar sólo después de agotar el remedio de la vista preliminar en alzada. Íd., pág. 921. Concluimos que, tras una determinación de no causa, el Ministerio Público primero tiene la oportunidad de una vista en alzada y, segundo, una revisión en *certiorari* del resultado de esa vista, limitada a un error de derecho. Íd., pág. 923.

En consideración al marco jurídico enunciado, procedemos a resolver la controversia ante nos.

**III**

Como pudo apreciarse, la controversia ante nos se circunscribe a determinar si lo resuelto en Pueblo v. Díaz de León, supra, en cuanto a la imposibilidad de ir en recurso de *certiorari* al Tribunal de Apelaciones desde una vista preliminar, es extensivo a un asunto interlocutorio en una vista preliminar en alzada. Conforme a ello, el peticionario sostiene que no se puede recurrir por medio del auto de *certiorari* de una resolución interlocutoria emitida en una vista preliminar en alzada. Sustenta sus argumentos en lo dicho en Pueblo v. Díaz De León, supra, y en Pueblo v. Encarnación Reyes, supra, (Sentencia).

Por su parte, el Ministerio Público se opuso y alega que lo establecido en Pueblo v. Díaz De León, supra, y reiterado en Pueblo v. Encarnación Reyes, supra,

CC-2017-0034

(Sentencia), es distinguible ya que en el caso de epígrafe se trata de una vista preliminar en alzada.

Luego de examinar los alegatos de las partes y la jurisprudencia pertinente resolvemos que le asiste la razón al peticionario en su segundo señalamiento de error.

Nuestros pronunciamientos anteriores nos conducen a aclarar que el vehículo procesal de *certiorari* no está disponible en el proceso de la vista preliminar y en la vista preliminar en alzada hasta después de agotar esta última. Más aún, hemos sido sumamente enfáticos en que, incluso si se permite la presentación de un *certiorari* en esa etapa ulterior, su alcance está restringido a revisar asuntos estrictamente de derecho.

Nos parecen improcedentes los argumentos del Ministerio Público en cuanto a que nuestros precedentes sólo aplican a la vista preliminar. Por tanto, **aclaramos finalmente** que lo resuelto en Pueblo v. Díaz De León, supra, y reiterado en Pueblo v. Encarnación Reyes, supra, (Sentencia), es extensivo a la vista preliminar en alzada. No puede el Ministerio Público recurrir en *certiorari* al Tribunal de Apelaciones de un asunto interlocutorio en una vista preliminar en alzada. Así, deberá agotar esta vista para poder recurrir de esa determinación únicamente a los fines de impugnar cuestiones estrictamente de derecho. Véanse, Pueblo v. Díaz De León, supra, pág. 919; Pueblo en interés menor K.J.S.R., supra, pág. 500.

Permitir la revisión de un asunto interlocutorio en la vista preliminar en alzada sería obviar y eludir lo establecido en Pueblo v. Díaz De León, supra. Sólo bastaría con empezar la vista preliminar en alzada para permitir poder recurrir al Tribunal de Apelaciones. A su vez, con tal precedente trastocaríamos la naturaleza de esa vista y se dilatarían innecesariamente los procesos criminales.

Recuérdese, que la vista preliminar en alzada es una segunda oportunidad que tiene el Ministerio Público con el fin de obtener la autorización para acusar por el delito que estima que ha quedado configurado. Con ella se pretende permitir que agote los recursos que tiene disponible. Es un recurso diseñado a favor del Ministerio Público, para mejorar su posición en cuanto al resultado de la vista preliminar original. Por ende, entendemos improcedente el planteamiento del Ministerio Público de que la consecuencia de tal decisión sería fatal para ellos.

Como bien hemos señalado, "[a]tender un caso mediante el mecanismo de *certiorari* extraordinario antes de agotar los remedios que proveen las Reglas de Procedimiento Criminal y sin contar con razones de gran peso, no es cónsono con las características del recurso". Íd., págs. 919-920. "[L]a utilización del recurso de *certiorari* [en las circunstancias de este caso] no es consecuente con el carácter extraordinario de esta figura procesal". Íd.,

pág. 921. Más aún, "en la medida que permit[iría] obviar la vista en alzada antes de acudir por *certiorari* al Tribunal de Apelaciones". Íd. Por tanto, resolvemos que le asiste la razón al peticionario en su segundo señalamiento de error. Ello es cónsono con nuestros anteriores pronunciamientos, en los cuales hemos reconocido "el derecho que asiste al Ministerio Público de utilizar el mecanismo procesal extraordinario del *certiorari* **después de agotar** el remedio de la vista en alzada". Íd. (énfasis suplido).

Ante tal conclusión, huelga discutir los errores primero y tercero señalados por el peticionario.

**IV**

En virtud de lo que antecede, revocamos la Sentencia emitida por el Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para la continuación de la vista preliminar en alzada.

Se dictará Sentencia de conformidad.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Recurrido

v.

Jonathan L. Figueroa Rodríguez

Peticionario

--------------------------

El Pueblo de Puerto Rico

Recurrido

v.                          CC-2017-0034    Certiorari

Joel Cacho Acosta

Peticionario

--------------------------

El Pueblo de Puerto Rico

Recurrido

v.

Michael Peña Carrión

Peticionario

SENTENCIA

San Juan, Puerto Rico, a 5 de abril de 2018.

En virtud de la Opinión que antecede, se revoca la Sentencia emitida por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de la vista preliminar en alzada.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez disienten sin opinión escrita.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo