Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| El Pueblo de Puerto Rico<br><br>Recurrida<br><br><br><br>v.<br><br><br><br><br><br>Ervin A Romero Vega<br><br>Peticionaria | TA2025CE00907 | Certiorari procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br><br><br>Caso núm.: DVP202523412345<br><br><br><br><br><br>SOBRE: Articulo 93 (a) de la Ley de Num.146-2012 y otros |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

El 16 de diciembre de 2025, el señor Ervin A. Romero Vega (el señor Romero Vega o el peticionario) presentó ante nos una *Petición de Certiorari* y un *Auxilio de Jurisdicción* en la que solicitó que revoquemos la *Resolución* emitida y notificada el 25 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1]

En el aludido dictamen, el foro primario declaró Ha Lugar una *Solicitud para la comparecencia de Testigos a la Vista Preliminar por el Sistema Bidireccional de Videoconferencia (ZOOM)* en la que

---

[1] Apéndice de la Petición de *Certiorar*i, Anejo 2.

autorizó que la perjudicada testificara a través de una videoconferencia en la vista preliminar.

Después de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia del Ministerio Público.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* y declaramos No Ha Lugar el *Auxilio de Jurisdicción.*

## I.

El caso de autos tuvo su origen cuando el 5 de febrero de 2025, el Ministerio Público (parte recurrida) radicó varias denuncias en contra del peticionario por hechos en el que infringió en su modalidad de tentativa el Art. 93 del Código Penal de Puerto Rico, Ley Núm. 146-2012(en adelante, Código Penal), 33 LPRA secs. 5142, el Art. 249 del Código Penal de Puerto Rico, *supra* sec. 5339 y el Art. 6.14 de la *Ley de Armas de Puerto Rico,* Ley Núm. 168-2019 (Ley de Armas), 25 LPRA sec. 466m, tras dispararle a la señora Luisa Yarelis Molina Meléndez (señora Molin Meléndez o la perjudicada).[2]

Tras varios trámites de rigor, el 2 de octubre de 2025, el Ministerio Público instó una *Solicitud para la comparecencia de testigo a la vista preliminar por el sistema bidireccional de videoconferencia (ZOOM)* en la que alegó que el peticionario intentó asesinarla tras dispararle con un arma de fuego.[3] Ante ello, la parte recurrida alegó que quedó parapléjica y, por tanto, su movilidad

---

[2] *Íd.*, Anejo 1.
[3] *Íd.*, Anejo 4.

quedó afectada severamente. Así pues, señaló que, la Oficina de Compensación a Víctimas del Departamento de Justicia no cubre transportación terrestre por ambulancia para procesos judiciales y estaba imposibilitada de acudir el 7 de octubre de 2025 a la vista preliminar.

Ante este cuadro, el Ministerio Público sostuvo que, en *Pueblo v. Santiago Cruz*, 205 DPR 7 (2020), el Tribunal Supremo avaló que no existía un impedimento constitucional para celebrar una vista preliminar, mediante un sistema bidireccional de video conferencia dado que ese método garantizaba la oportunidad de que un juzgador pudiera evaluar el comportamiento del que testifica. Ello, pues el derecho a la confrontación no aplica en toda su extensión en esta etapa de los procedimientos. Consecuentemente, arguyó que no se perjudicarían los derechos constitucionales del señor Romero Vega debido a que puede contrainterrogar a la perjudicada con todas las garantías constitucionales.

Surge del expediente ante nos que, la vista preliminar fue reseñalada ante la moción instada por la perjudicada.

Así las cosas, el 20 de octubre de 2025, el peticionario presentó una *Moción en oposición a solicitud de comparecencia de testigo por sistema bidireccional de videoconferencia (ZOOM)* en la que argumentó que, no surge en la moción radicada por la señora Molina Meléndez que en efecto es una persona parapléjica y, por tanto, carece de movilidad.[4] Además, adujo que, la paraplejia no es un impedimento para acudir a un Tribunal puesto que puede servirse de una silla de ruedas. Por tanto, solicitó que el TPI declarara No Ha Lugar la solicitud del Ministerio Público.

---

[4] *Íd.*, Anejo 5.

El 25 de noviembre de 2025, el foro primario emitió una *Resolución* en la que indicó que, conforme a las normas jurídicas y evaluada la prueba ante su consideración, declaró Ha Lugar la *Solicitud para la comparecencia de testigo a la vista preliminar por el sistema bidireccional de videoconferencia (ZOOM).*[5] En dicha Resolució, el foro primario sostuvo que, el Ministerio Público presentó ante dicho foro el expediente médico completo para que las partes lo examinaran. Así pues, el TPI evalúo unos documentos médicos de la perjudicada y determinó que, durante el mes de septiembre la perjudicada fue diagnosticada con varios síntomas entre ellos paraplejia. Además, la víctima sufre de varias úlceras tras encontrarse encamada. A esos efectos, resolvió que, conforme lo resuelto por el Tribunal Supremo en *Pueblo v. Santiago Cruz, supra,* no hay un impedimento constitucional para celebrar a través del sistema de videoconferencia una vista preliminar. En esa línea, el *foro a quo* razonó que el derecho a la confrontación no se vería lacerado. El TPI destacó que, la perjudicada debía estar bajo juramento y la persona encargada de su cuidado, la cual estará sujeta a contrainterrogatorio. En fin, el foro primario declaró Ha Lugar la moción del Ministerio Público y resolvió que la víctima podía testificar por el sistema bidireccional de videoconferencia.

Inconforme, el 16 de diciembre de 2025, el señor Romero Vega presentó una *Petición de Certiorari* en la que formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al resolver mediante Resolución sin vista de evaluación pericial admitir la declaración por el sistema bidireccional de videoconferencia de testigos a la vista preliminar en perjuicio del derecho constitucional fundamental de todo imputado/a de delito grave a la confrontación y contrainterrogatorio con los testigos de cargo en su contra.

---

[5] *Íd.*, Anejo 2.

En igual fecha, el peticionario radicó una *Moción urgente en Auxilio de Jurisdicción* en la que solicitó que ordenemos la paralización de los procedimientos en el foro primario.

De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, *supra*, procederemos a disponer del recurso de autos dado que dicha regla nos permite prescindir de los escritos, tal como lo es el caso de marras.

## II.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla __ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro

de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97.

**B.**

Conforme a la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23, en los casos en los que se impute la comisión de un delito grave se celebrará una vista preliminar. El mecanismo provisto por la mencionada regla es de rango estatutario y tiene como noción básica determinar la existencia o no de causa probable para creer que la persona acusada cometió un delito. *Pueblo v. Pérez Delgado*, 211 DPR 654, 664-665 (2023); *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 649 (2021); *Pueblo v. Martínez Torres*, 116 DPR 793 (1986). Dicho objetivo requiere que se establezca (1) si existe causa probable en cuanto a la comisión del delito grave y (2) la conexión del imputado con este. *Íd.*

La vista preliminar tiene el fin de evitar que se someta a un ciudadano al rigor de un proceso criminal por un delito grave, sin evidencia que así lo justifique. *Pueblo v. Figueroa*, 200 DPR 14, 21 (2018); *Pueblo v. García Saldaña*, 151 DPR 783, 788 (2000). No obstante, en esta etapa el Ministerio Público no está obligado a presentar toda la prueba de cargo que desfilará en el juicio. *Íd.* Ello así, pues su responsabilidad probatoria en este momento se limita a la presentación de evidencia necesaria que permita una determinación prima facie sobre los dos aspectos antes enumerados. *Pueblo v. Negrón Nazario*, 191 DPR 720 (2014).

Durante la audiencia de causa probable regulada por la Regla 23, el Ministerio Público debe tener presente que la prueba ofrecida en esta debe ser una admisible en el juicio. *Pueblo v. Guadalupe Rivera, supra*. Este proceso, sin embargo, no supone la celebración de un mini juicio. *Íd.* Esta vista opera en términos de probabilidades y su objetivo no es establecer la culpabilidad de la persona imputada

más allá de duda razonable, sino que el Estado cuenta con una justificación adecuada para continuar el proceso judicial en su contra. *Pueblo v. Pérez Delgado, supra,* pág. 665.

En lo pertinente, el derecho a la confrontación no opera en esta etapa de los procedimientos. *Pueblo v. Santiago Cruz, supra,* págs. 45-46; *Pueblo v. Cruz Rosario,* 204 DPR 1040, 1102 (2020). Del derecho a la confrontación emanan tres garantías las cuales son: "(1) el derecho del acusado de confrontar cara a cara los testigos adversos, (2) el derecho a contrainterrogarlos y, (3) el derecho a que se excluya [cierta] prueba de referencia [...]". *Pueblo v. Cruz Rosario,* supra, pág. 1102. La primera garantía es lo que conocemos como el derecho al careo, y opera en la etapa del *juicio. Íd.* A través de la videoconferencia, un imputado puede escuchar a las personas y participar de la vista, de manera similar a lo que ocurriría en una vista presencial. *Pueblo v. Santiago Cruz, supra,* pág. 46. A un imputado no se le lacera los siguientes derechos constitucionales: (1) examinar las declaraciones juradas de las personas testigos del Estado; (2) contrainterrogar testigos; (3) que la vista sea pública, y (4) contar con la asistencia de abogado (a). *Pueblo v. Santiago Cruz, supra,* pág. 46. Ante ello, el mecanismo de videoconferencia no es incompatible con las garantías procesales previamente mencionadas. *Íd.*

### III.

En el caso de epígrafe, el peticionario argumentó que, la perjudicada no podía testificar mediante videoconferencia en la vista preliminar debido a que se le violentaba el derecho constitucional a la confrontación. Además, el peticionario señaló que, el foro a quo debió haber celebrado una vista para determinar si procedía que la perjudicada testificada a través del sistema de videoconferencia.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de

ejercer nuestra función revisora y, de intervenir con la determinación del foro primario.

Tras un análisis sigiloso sobre los planteamientos que el peticionario presentó ante esta Curia, concluimos que el TPI no incurrió en error de derecho ni en abuso de discreción al declarar Ha Lugar la *Solicitud para la comparecencia de testigo a la vista preliminar por el sistema bidireccional de videoconferencia (ZOOM)* instada por el Ministerio Público que amerite nuestra intervención. El TPI cumplió con la normativa vigente tras evaluar el expediente médico, presentado por la parte recurrida, de la perjudicada y evaluó las posturas de ambas partes, otorgándoles un debido proceso de ley. Consecuentemente, no debemos intervenir en la determinación del TPI dado que no abusó de su discreción.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra.*

### IV.

Por los fundamentos que anteceden, denegamos la expedición del auto del *certiorari* y declaramos No Ha Lugar el *Auxilio de Jurisdicción.*

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones